(12 Misc. Rep. 111.)

### REILLY v. MERRITT.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

APPEAL—WEIGHT AND SUFFICIENCY OF EVIDENCE.

> In an action for trespass on premises leased by defendant to plaintiff, it appeared that while plaintiff was absent a plumber, under defendant's direction, entered the premises to repair the water pipes. When plaintiff returned he found some of his goods missing, and his ice box and oil tank injured. There was no evidence connecting the plumber with the disappearance of the goods. Though there was sufficient evidence to justify an inference that the plumber injured the ice box and oil tank, there was no evidence of the amount of damage done to them. *Held*, that a judgment in favor of plaintiff for $25 could not be sustained.

Appeal from Fourth district court.

Action by James Reilly against Hiram Merritt, impleaded, etc., for trespass. From a judgment in favor of plaintiff for $25 damages, and costs, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Cannon & Atwater, for appellant.

Samuel Mullen, for respondent.

DALY, C. J.   The evidence showed that the plaintiff was a tenant of premises of which defendant was general agent.   Plaintiff occupied the store floor, and had there an ice box, an oil tank, and certain grocer's goods, in cans.   While he was absent, a plumber, under defendant's directions, came to the premises, and, by permission of plaintiff's wife or his daughter, entered, to make certain necessary repairs to the Croton water fixtures, which were leaking. When plaintiff returned he found some of his goods missing, his ice box pulled apart, and his oil tank bursted.   He was not able to connect the plumbers with the disappearance of the groceries, but the testimony justified the inference that the ice box and oil tank had been moved by them in getting at the pipes, and it is claimed on his behalf that the judgment of $25 rendered by the justice was compensation for the injuries done to those articles.   There was no evidence, however, of the amount of damage inflicted by the plumbers, since there was no proof of what it would cost to repair the articles in question.   The plaintiff testified that the ice box cost him $13, and the oil tank $25, three years before the trial, but this was no evidence of the cost of repairs.   Nor can we say from the record before us that no part of the damages was awarded by the justice for the loss of the groceries.   He admitted proof of their value, under the objection of defendant, although there was not the slightest evidence that defendant was responsible for abstracting them.   No damages were allowable for entry upon the plaintiff's premises, because it was the landlord's privilege, as well

as duty, to make repairs necessary for the fixtures common to the whole house, as in this case. The judgment should be reversed, and a new trial ordered, with costs to appellant, to abide the event. All concur.